IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WALLACE LYLES, individually and on behalf of all other Ohio residents similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN<br><br>Defendant. | CASE NO. _____<br><br>JUDGE: _____<br><br>**NOTICE OF REMOVAL** |

Defendant Foremost Insurance Company Grand Rapids, Michigan ("Foremost" or "Defendant") hereby removes this case to this Court from the Court of Common Pleas, Cuyahoga County, State of Ohio, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and respectfully shows the Court as follows:

### I. INTRODUCTION

1. Plaintiff Wallace Lyles ("Lyles" or "Plaintiff") brought this putative class action in Ohio state court on behalf of himself and a putative class of "all other Ohio residents similarly situated…." Lyles alleges that Foremost breached its contractual obligations to him and to its other Ohio policyholders by depreciating labor in its calculation of actual cash value ("ACV") payments on claims made under Foremost's homeowners policies in Ohio.

2. The Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA") because the amount in controversy for the putative class members' claims exceeds $5 million, and the action meets all other requirements of 28 U.S.C. § 1332(d). Accordingly, Foremost hereby timely removes this case to this Court.

## II.  PROCEDURAL HISTORY, VENUE, AND REMOVAL REQUIREMENTS

3. On November 20, 2017, Lyles filed his Class Action Complaint ("Complaint") in the Court of Common Pleas of Cuyahoga County, Ohio (the "State Court Action").  On November 27, 2017, Foremost was served with process.[1]  As such, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446.  Pursuant to 28 U.S.C. § 1446(a), Foremost attaches the summons issued to Foremost and the pleadings filed in the record of the State Court Action as **Exhibit A**.

4. This Court has jurisdiction over this action because this is a putative class action with more than 100 putative class members who are seeking to recover in excess of $5 million, and there is minimal diversity of citizenship.  *See* 28 U.S.C. § 1332(d); 28 U.S.C. § 1441 (a), (b); 28 U.S.C. § 1453 (a), (b).  As such, this action is removable to this Court.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of Ohio, Eastern Division at Cleveland, is the federal judicial district embracing the Cuyahoga County, Ohio Court of Common Pleas where this suit was originally filed.

6. Promptly after the filing of this Notice of Removal, Foremost will provide notice of the removal to Lyles and the Clerk of the Court in the State Court Action as required by 28 U.S.C. § 1446(d).  Foremost will additionally promptly file its Disclosure of Organizational Interests Certificate in this Court.

## III.  **THIS COURT HAS JURISDICTION OVER THIS ACTION UNDER CAFA.**

7. This Court has diversity jurisdiction over this action under CAFA.  CAFA expressly provides that class actions meeting its requirements filed in state court are removable to federal court and allows for appeals from remand orders of cases removed under CAFA.  *See*

---

[1] **Exhibit A**, at Return of Summons.

28 U.S.C. § 1453. As the United States Supreme Court and the Sixth Circuit have explained, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."[2]

8. CAFA provides that federal district courts shall have original jurisdiction over any class action where: (1) the putative class contains at least 100 class members; (2) any member of the putative class is a citizen of a State different from that of any defendant; (3) and the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs.[3]

9. A defendant's notice of removal need include only a "plausible allegation" that the jurisdictional requirements are met.[4] This Notice of Removal fulfills Foremost's burden to establish that this suit satisfies all the requirements under CAFA for federal jurisdiction.

A. **The Putative Class Size Exceeds 100 Members.**

10. The putative class includes "all persons and entities insured under a Foremost homeowners' policy who received an Actual Cash Value payment from Foremost for physical loss or damage to their residence or other structure located in Ohio in which the cost of labor was depreciated in calculating the payment, for the eight years preceding the filing of [Lyles' Complaint]."[5]

11. The putative class consists of more than 100 members. Plaintiff alleged in his Complaint that the proposed class "consists of more than 40 individuals."[6] Furthermore, Foremost has thus far been able to identify 9,579 paid structural damage claims which could

---

[2] *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014); *Graiser v. Visionworks of Amer., Inc.*, 819 F.3d 277, 287 (6th Cir. 2016).
[3] 28 U.S.C. § 1332(d).
[4] *Dart Cherokee*, 135 S. Ct. at 554; *Naji v. Lincoln*, 665 Fed. Appx. 397, 400 (6th Cir. 2016).
[5] Complaint, at ¶ 33.
[6] *Id.* at ¶ 40.

come within Plaintiff's class definition.[7] While Foremost does not expect that every one of those claims would have involved labor depreciation, Plaintiff's allegations—which control for purposes of removal—are that Foremost had a "systemic adjusting practice[]" of depreciating labor and "routinely denies coverage by depreciating the labor component of repair costs…."[8] Accordingly, CAFA's requirement that the number of members of the putative class exceeds 100 has been met.

**B.    There Is Minimal Diversity Sufficient to Establish CAFA Jurisdiction.**

12.    The second CAFA requirement is minimal diversity—at least one putative class member must be a citizen of a different state than one defendant.[9]

13.    Here, Lyles alleges he is a resident of Cuyahoga County, Ohio. Based on this allegation, it is reasonable to conclude that Lyles is a citizen of Ohio.

14.    Foremost is incorporated in Michigan and has its principal place of business in Grand Rapids, Michigan.[10] Therefore, Foremost is not a citizen of the State of Ohio for diversity purposes, and there is complete diversity between the parties.

15.    Thus, the minimal diversity prerequisite of CAFA is met.[11]

**C.    The CAFA Amount-in-Controversy Requirement Is Met.**

16.    CAFA also requires that the amount in controversy for the entire putative class exceed $5 million, in the aggregate, exclusive of interest and costs.[12] "[T]he question is not what

---

[7] *See infra*, ¶ 20.
[8] Complaint, ¶ 7.
[9] 28 U.S.C. § 1332(d)(2).
[10] Complaint, ¶ 2 ("Defendant Foremost Insurance Company Grand Rapids[,] Michigan ('Foremost') is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in Michigan at the above address"). While Foremost Property & Casualty Insurance Company was named for service purposes, it does not appear to be a defendant from whom relief is sought.
[11] 28 U.S.C. § 1332(d)(2)(A).
[12] 28 U.S.C. § 1332(d)(2).

4

damages the plaintiff will recover, but what amount is 'in controversy' between the parties."[13] The amount in controversy is determined based on the "universe of what the plaintiff puts at-issue in the complaint."[14] A notice of removal need only include plausible allegations that the amount in controversy exceeds the jurisdictional minimum.[15] Based upon Lyles' allegations (which Foremost disputes, but which control for removal purposes) and Foremost's own preliminary review of information reasonably available to it at this time, the $5 million CAFA amount-in-controversy requirement is clearly satisfied.

17. In his Complaint, Lyles alleges that Foremost engaged in "systemic adjusting practices" which involved "depreciating the labor component of repair costs…"[16] With regard to his own claim, Lyles alleges that, "[i]n making its ACV calculation, Foremost depreciated the labor required to repair the Home."[17] While Lyles does not allege what portion consisted of labor depreciation, he does allege that "Foremost reduced the amount it would pay Lyles by $28,140.07 for non-recoverable depreciation."[18]

18. Lyles seeks to recover, on behalf of himself and the putative class, "their actual damages, being the amount that Foremost reduced actual cash value payments to each class member by depreciating the cost of labor…."[19] Lyles would exclude, from his proposed class,

---

[13] *Norris v. People's Credit Co.*, No. 1:12CV3138, 2013 WL 5442273, at *3 (N.D. Ohio Sept. 27, 2013) (formatting omitted) (quoting *Cowit v. CityMortgage, Inc.*, No. 1:12CV869, 2013 WL 142893, at *5 (S.D. Ohio 2013)); *see also Fielder v. Penn Station, Inc.*, No. 1:12CV2166, 2013 WL 1869618, at *2 (N.D. Ohio May 3, 2013) (same).
[14] *Norris*, 2013 WL 5442273, at *2 (quoting *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, at *6 (E.D. Cal. July 14, 2010)); *Fielder*, 2013 WL 1869618, at *2 (same).
[15] *See Dart Cherokee*, 135 S. Ct. at 554.
[16] Complaint, at ¶ 7.
[17] *Id*. at ¶ 22.
[18] *Id*. at ¶ 19.
[19] *Id*. at "Demand for Judgment."

5

those policyholders who subsequently recovered the full amount of labor depreciation withheld.[20]

19. The information readily available to Foremost at this time indicates that it made payments on 9,579 claims for structural damage to real property located in Ohio and insured under a Foremost policy in which a structural payment was made during the eight-year proposed class period.[21]

20. Data obtained from the estimating software vendors utilized by Foremost during the proposed class period indicates that the average amount of estimated labor depreciation was $958.16 per claim, and that the estimated amount of labor depreciation for Plaintiff's claim was $1,751.00.[22]

21. Multiplying the 9,579 paid claims thus far identified by the estimated average labor depreciation amount yields $9,178,215.[23] Multiplying the 9,579 claims by the Plaintiff's estimated amount of labor depreciation yields $16,772,829.[24]

---

[20] *Id*. at ¶ 41 (excluding persons or entities who "received payment of the withheld depreciation").

[21] **Exhibit B**, Declaration of Sylvia Ting, at ¶ 7.

[22] The vendors have not provided estimate data for all of the paid claims which Foremost has identified. Additionally, the vendors provided information for more than one estimate for some of the claims. Excluding those claims for which the vendors returned data from multiple estimates, the average estimated labor depreciation is $958.16. Foremost will make the estimate data that was used to support these removal calculations available to the Court for *in camera* inspection and, following entry of an appropriate protective order, will also provide same to Plaintiff's counsel. In doing so, however, Foremost cautions that estimate data is only that: an estimate. Review of the claim files and associated payment data is necessary to determine the amounts that were *actually* paid or withheld. The amount of labor depreciation that was actually withheld or later released is not one of the types of information that can be retrieved from Foremost's reporting database. *See* Declaration of Sylvia Ting, at ¶¶ 4, 8.

[23] 9,579 claims x $958.16 average = $9,178,214.64. The calculation of the $958.16 average included both claims for which the estimate data suggested that labor depreciation was, and was not, taken in estimating the ACV payment. In this way, Foremost's average has already accounted for the fact that not every paid claim will have involved an ACV payment and/or labor depreciation. Accordingly, it is appropriate to apply this average estimated amount ($958.16) to all of the paid claims (9,579).

[24] 9,579 claims x $1,751 Plaintiff's estimated labor depreciation = $16,722,829.00. Ohio federal courts use named plaintiffs' damages to calculate the amount in controversy for removal purposes. *See Norris v. People's Credit Co.*, No. 1:12CV3138, 2013 WL 5442273, at *4–5 (N.D. Ohio Sept. 27, 2013) (reasoning

22. As noted above, Plaintiff's proposed class would exclude claims in which the policyholder had already recovered the previously-withheld labor depreciation, presumably by way of a replacement cost payment. In order to estimate the amount by which this exclusion would reduce the amount in controversy, Foremost compared the total amount paid on the structural portion of the claim to the estimated total replacement cost, and factored in the deductible. This was performed for those claims for which the available data indicated that some amount of labor depreciation may have been initially withheld. In approximately 23% of claims for which the necessary data was available at the time of removal, Foremost paid an amount that was equal to or that exceeded the total estimated replacement cost. Even after carving out 23% of the estimated total labor depreciation, the estimated amount in controversy comfortably exceeds CAFA's $5 million requirement:

| $958.16 average | $1,751 Plaintiff's est. labor depreciation |
|---|---|
| 77% x $9,178,215 = **$7,067,225.27** | 77% x 16,772,829 = **$12,915,078.33** |

23. While there are other limited carve-outs set forth in Plaintiff's proposed class definition, they will not result in a reduction of the total amount in controversy below CAFA's $5 million threshold. For example, only 4% of the 9,579 paid claims involved structural payments in excess of $50,000, suggesting that excluding those claims in which Foremost paid the "full amount of insurance shown on the declarations page" is unlikely to affect the amount in controversy in a material way.[25] Similarly, the number of potential class members who fall within the remaining proposed exclusions ("judiciary and their staff to whom this action is

---

that named plaintiffs' damages "are assumed to be typical of the putative class"); *Franklin v. CitiMortgage, Inc.*, No. 1:11–cv–608, 2012 WL 10192, at *4 (S.D. Ohio, Jan. 3, 2012).

[25] Complaint, ¶ 41 (exclusion 1).

assigned," "Plaintiff's counsel" and "Foremost and its affiliates, officers or directors") would be *de minimus*.[26]

24. Thus, Foremost's Notice of Removal clearly satisfies the $5 million amount in controversy requirement under CAFA.

## IV. CONCLUSION

For the foregoing reasons, Foremost has met its burden to allege plausibly that all elements necessary for CAFA removal have been satisfied. In addition to a putative class in excess of 100 members and minimal diversity of citizenship, two reasonable methods for the estimated calculation of potentially recoverable damages yields an amount in controversy exceeding $5 million, exclusive of interest and costs. As such, this case is properly removed to the Northern District of Ohio.

**WHEREFORE,** Defendant Foremost Insurance Company Grand Rapids, Michigan respectfully requests that this Court assume full jurisdiction over this action.

Respectfully submitted,

/s/ *Richard S. Mitchell*
Donald S. Scherzer (0022315)
*dscherzer@ralaw.com*
Richard S. Mitchell (0007036)
*rmitchell@ralaw.com*
ROETZEL & ANDRESS, LPA
1375 East Ninth Street
One Cleveland Center, 10th Floor
Cleveland, Ohio 44114
Phone: (216) 623-0150
Fax: (216) 623.0134

---

[26] *Id.* (exclusions 2, 3 and 4).

Stacy Allen *(pro hac motion to follow)*
Texas State Bar No. 24034185
*stacyallen@jw.com*
Marilyn Brown *(pro hac motion to follow)*
Texas State Bar No. 24046460
*mbrown@jw.com*
JACKSON WALKER L.L.P.
100 Congress Avenue, Suite 1100
Austin, Texas  78701
Telephone:  (512) 236-2000
Facsimile:  (512) 236-2002

*Attorneys for Defendant Foremost Insurance Company Grand Rapids, Michigan*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and sent a copy by first-class U.S. Mail, postage prepaid, to:

| | |
|---|---|
| James A. DeRoche<br>Stuart I. Garson<br>GARSON JOHNSON LLC<br>1600 Midland Building<br>101 West Prospect Avenue<br>Cleveland, Ohio 44115<br>Email:  jderoche@garson.com | R. Eric Kennedy<br>Daniel P. Goetz<br>WEISMAN, KENNEDY & BERRIS CO., L.P.A.<br>1600 Midland Building<br>101 Prospect Avenue, W.<br>Cleveland, Ohio  44113<br>Email: ekennedy@weismanlaw.com<br>Email:  dgoetz@weismanlaw.com |

Patrick J. Perotti
DWORKEN & BERNSTEIN CO., LPA
60 South Park Place
Painesville, Ohio  44077
Email:  pperotti@dworkenlaw.com

/s/ *Richard S. Mitchell*
Richard S. Mitchell