## CASE INFORMATION

CV-17-889341 WALLACE LYLES vs. FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN

Printer Friendly Version

Docket Information

From Date [    ] / [    ] / [    ]    Type [  ]  Type [  ]  Type [  ]  Type [  ]  Search [          ] [Start Search]

| Filing Date | Side | Type | Description | Image |
|---|---|---|---|---|
| 12/20/2017 | N/A | JE | MOTION FOR A THIRTY (30) DAY EXTENSION TO MOVE OR PLEAD IN RESPONSE TO COMPLAINT UNTIL 1/24/18, FILED 12/18/2017, IS GRANTED. NOTICE ISSUED | 📄 |
| 12/18/2017 | D | MO | MOTION FOR EXTENSION OF TIME UNOPPOSED MOTION FOR A THIRTY (30) DAY EXTENSION TO MOVE OR PLEAD IN RESPONSE TO COMPLAINT 12/20/2017 - GRANTED | 📄 |
| 12/18/2017 | D | NT | NOTICE OF APPEARANCE, FILED DEFENDANT(S) FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN(D1) and FOREMOST PROPERTY & CASUALTY INSURANCE COMPANY(D2) DONALD S SCHERZER 0022315. NOTICE OF APPEARANCE | 📄 |
| 12/18/2017 | D | NT | NOTICE OF APPEARANCE, FILED DEFENDANT(S) FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN(D1) and FOREMOST PROPERTY & CASUALTY INSURANCE COMPANY(D2) DONALD S SCHERZER 0022315. NOTICE OF APPEARANCE | 📄 |
| 11/28/2017 | N/A | SR | FEDEX RECEIPT NO. 33851327 DELIVERED BY FEDEX 11/27/2017 FOREMOST PROPERTY & CASUALTY INSURANCE COMPANY PROCESSED BY COC 11/28/2017. | |
| 11/28/2017 | N/A | SR | FEDEX RECEIPT NO. 33851326 DELIVERED BY FEDEX 11/27/2017 FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN PROCESSED BY COC 11/28/2017. | |
| 11/20/2017 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 11/20/2017 | D2 | CS | WRIT FEE | |
| 11/20/2017 | D2 | SR | SUMS COMPLAINT(33851327) SENT BY FEDERAL EXPRESS. TO: FOREMOST PROPERTY & CASUALTY INSURANCE COMPANY 50 W BROAD STREET, SUITE 1800 COLUMBUS, OH 43215-0000 | 📄 |
| 11/20/2017 | D1 | CS | WRIT FEE | |
| 11/20/2017 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 11/20/2017 | D1 | SR | SUMS COMPLAINT(33851326) SENT BY FEDERAL EXPRESS. TO: FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN 5600 BEECH TREE LANE CALEDONIA, MI 49316 | 📄 |
| 11/20/2017 | N/A | SF | JUDGE PETER J CORRIGAN ASSIGNED (RANDOM) | |
| 11/20/2017 | P1 | SF | LEGAL RESEARCH | |
| 11/20/2017 | P1 | SF | LEGAL NEWS | |
| 11/20/2017 | P1 | SF | LEGAL AID | |
| 11/20/2017 | P1 | SF | COURT SPECIAL PROJECTS FUND | |
| 11/20/2017 | P1 | SF | COMPUTER FEE | |
| 11/20/2017 | P1 | SF | CLERK'S FEE | |
| 11/20/2017 | P1 | SF | DEPOSIT AMOUNT PAID JAMES A DEROCHE | |
| 11/20/2017 | N/A | SF | CASE FILED: COMPLAINT | 📄 |

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.
For questions/comments please click here.
Copyright © 2017 PROWARE. All Rights Reserved. 1.1.172

EXHIBIT A



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
**1200 Ontario Street**
**Cleveland, Ohio 44113**

## Court of Common Pleas

**New Case Electronically Filed:**
**November 20, 2017 13:49**

By: JAMES A. DEROCHE 0055613

Confirmation Nbr. 1230074

WALLACE LYLES                                    CV 17 889341

       vs.

                                   **Judge:**  PETER J. CORRIGAN

FOREMOST INSURANCE COMPANY GRAND
RAPIDS, MICHIGAN

**Pages Filed:**  42

## IN THE COURT OF COMMON PLEAS
## CUYHOGA COUNTY, OHIO

| | |
|---|---|
| **WALLACE LYLES,** individually and on behalf of all other Ohio residents similarly situated,<br>1021 Thornhill Drive<br>Cleveland, OH  44108<br><br>        Plaintiff,<br><br>-vs-<br><br>**FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN**<br>5600 Beech Tree Lane<br>Caledonia, MI  49316<br><br>ALSO SERVE:<br><br>**FOREMOST PROPERTY & CASUALTY INSURANCE COMPANY**<br>C/O CSC - Lawyers Incorporating Service<br>50 W Broad Street, Suite 1800<br>Columbus, OH  43215<br><br>        Defendant. | **CIVIL ACTION NO.**<br><br>**JUDGE**<br><br><br>**CLASS ACTION COMPLAINT**<br><br>[Jury Demand Endorsed Hereon] |

Plaintiff Wallace Lyles, on his own behalf and on behalf of all other Ohio residents similarly situated, for his class action complaint against Defendant Foremost Insurance Company Grand Rapids Michigan ("Foremost"), states:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Wallace Lyles ("Lyles") is a resident of Cuyahoga County, Ohio.

2.    Defendant Foremost Insurance Company Grand Rapids Michigan ("Foremost") is a corporation organized and existing under the laws of the State of Michigan, with its principle place of business in Michigan at the above address.

3.      Foremost maintains offices in Cuyahoga County for the conduct of its usual and customary business, including the sale of insurance policies.

4.      This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to the Ohio Constitution, Article IV, sec. 4, because this case is a cause not given by statute to other trial courts.

5.      Venue is proper in this Court because many of the acts complained of occurred within the territorial jurisdiction of this Court, including the improper adjusting practices supporting recovery for Plaintiff and all similarly situated Ohio residents.

6.      This court has personal jurisdiction over Foremost because Foremost is an insurance company registered to do business with the Ohio Department of Insurance and engaging in continuous and systematic business in the State of Ohio.

**DEFENDANT'S WRONGFUL CONDUCT**

7.      This is an insurance coverage dispute involving systematic adjusting practices used by Foremost to deny coverage for a portion of the actual cash value of property damage suffered by its insureds, thereby denying its insureds (including Plaintiff) the full amount of indemnity to which they are entitled. Specifically, Foremost routinely denies coverage by depreciating the labor component of repair costs instead of only the physical item that is subject to wear, tear, and obsolescence.

8.      The residential home owned by Lyles located at 1021 Thornhill Drive, Cleveland, OH ("the Home"), suffered property damage on or about April 16, 2016. The patio of the home was destroyed when struck by a vehicle.

9.      At the time of the loss the Home was insured by Foremost policy no. 0069472345. The policy included, among other coverages, indemnity coverage for physical

damage to the Home caused by perils other than those specifically excluded under the policy.

10.     Lyles submitted a claim to Foremost and requested payment for the damage to the Home.

11.     Foremost confirmed that the Home had sustained damage due to a covered peril and that Foremost had an obligation and duty to pay Lyles for the actual cash value of the damaged portions of the Home pursuant to the terms of her insurance policy.

12.     A Foremost adjuster inspected the damage to the Home for purposes of preparing an estimate of the cost to repair or replace the damaged property.

13.     Through the efforts of a public adjuster retained by Plaintiff, on October 3, 2017 the Foremost adjuster submitted a final calculation of Plaintiff's insurance claim, a copy of which is attached hereto as Exhibit 1.

14.     The adjuster's estimate found that Lyles had suffered loss and damage to the Home in the amount of $41,087.23, from which Foremost deducted $28,140.07 in depreciation. The repair costs estimated by the Foremost adjuster included costs for material and labor to repair the Home, and sales tax on materials.

15.     After deducting a $1,000 deductible Foremost only paid Plaintiff a total of $11,947.16 purportedly representing the actual cash value of Plaintiff's loss, leaving him with insufficient funds to repair his damaged home.

16.     Foremost's policy defines actual cash value as "the cost to repair or replace property with conventional materials of like kind and quality, less allowance for physical deterioration and depreciation, including obsolescence." A copy of the relevant policy form is attached as Exhibit 2.

17.     Foremost's policy further provides that Foremost will only pay the actual cash value of a loss to the insured.

18.     Foremost's policy contains no definition of depreciation, but the use of the word "physical" in the ACV definition clearly indicates to a reasonable insured that the common definition of depreciation as only applying to physical items governs this contract.

19.     In calculating ACV Foremost reduced the amount it would pay Lyles by $28,140.07 for non-recoverable depreciation.

20.     Foremost made an ACV payment of $11,947.16 to Lyles.

21.     Lyles received no further payments from Foremost.

22.     In making its ACV calculation, Foremost depreciated the labor required to repair the Home. But unlike a physical "item" being repaired or replaced, labor does not depreciate in value over time.

23.     The Ohio Department of Insurance has indicated that it is inappropriate and contrary to industry practice to depreciate labor.

24.     In its ACV calculation Foremost even depreciated pure items of labor associated with repairing the Home. For example, Foremost depreciated the cost of demolition and debris removal even though that is a pure labor item that no other insurance companies depreciate.

25.     Foremost's depreciation of labor costs associated with repairing the Home resulted in Foremost denying Lyles coverage for a portion of the ACV payment owed for his loss, denying him the indemnity to which he was contractually entitled under the insurance policy.

26.     Foremost breached its obligations under the policy by improperly depreciating the cost of labor.

27.     As a direct and proximate result, Lyles has suffered damage in an amount greater than $100.00.

**COUNT I**
**BREACH OF CONTRACT**

28.     Lyles restates and incorporates by reference all preceding allegations as if fully re-written at length.

29.     By depreciating labor in the calculation of Lyles's ACV payment, Foremost breached its coverage obligations to Lyles under the insurance policy.

30.     Plaintiff and all plaintiff class members satisfied or discharged all conditions precedent to Foremost's obligations under the contract.

31.     As a direct and proximate result of Foremost's breach of its coverage obligations under the policy, Lyles and the class members have received payment for their losses in amounts less than they were entitled to under their homeowners' insurance policies.

32.     Foremost's practice of depreciating labor in the calculation of ACV payments made in connection with property damage claims under Foremost's homeowners' policies in Ohio is a breach of Foremost's coverage obligations under those policies.

**CLASS ACTION ALLEGATIONS**

33.     Lyles seeks to represent a class consisting of all persons and entities insured under a Foremost homeowners' policy who received an Actual Cash Value payment from Foremost for physical loss or damage to their residence or other structure located in Ohio in which the cost of labor was depreciated in calculating the payment, for the eight years preceding the filing of this Class Action Complaint.

34.     The relatively small amounts of damage suffered by each class member make filing separate suits by each class member economically unfeasible.

35.     Lyles is similarly situated to the members of the class, and will fairly and adequately represent all members of the class. Lyles has no relationship with Foremost other than as an adverse party in this case.

36.     Plaintiff Lyles's claim is typical of the class claims.  Common questions of law and fact apply to Lyles's claims and the claims for the class. These common questions include:

a.     Whether Foremost's policy language allows Foremost to depreciate labor costs in the calculation of ACV payments;

b.     Whether Foremost's depreciation of labor costs in calculation of ACV payments breaches the insurance policy;

c.     Whether the term "actual cash value" as used in the Foremost homeowners insurance policy is ambiguous and susceptible to more than one reasonable interpretation, including an  interpretation that permits depreciation of material only and not labor;

d.     Whether Foremost has a customary practice of depreciating labor costs in the calculation of ACV payments; and,

e.     Whether Lyles and the putative class have suffered damage as a result of Foremost's depreciation of labor costs in calculation of ACV payments.

37.     Proposed counsel for the proposed class, Garson Johnson LLC, Weisman, Kennedy & Berris Co., LPA and Dworken & Bernstein, Co., LPA are knowledgeable and experienced in class and insurance litigation and will fairly and adequately represent the interests of the proposed class.

38.     The questions of law and fact common to members of the proposed class predominate over any questions of law or fact affecting any member of the class and a class action is superior to other available methods for the fair and efficient resolution of this controversy.

39.     No unusual difficulties are anticipated in the management of this case as a class action.

40.     The proposed class consists of more than 40 individuals.

41.     Plaintiff Lyles requests that the Court certify a class defined as follows: All persons and entities that received "actual cash value" payments, directly or indirectly, from Foremost for loss or damage to a dwelling or other structure located in the State of Ohio, such payments arising from events that occurred within the eight years preceding the filing of this Class Action Complaint, where the cost of labor was depreciated. Excluded from the Class are: (1) all persons or entities that received payment from Foremost in the full amount of insurance shown on the declarations page or that otherwise received payment of the withheld depreciation; (2) Foremost and its affiliates, officers or directors; (3) members of the judiciary and their staff to whom this action is assigned; and (4) Plaintiff's counsel.

## DEMAND FOR JUDGMENT

Plaintiff Wallace Lyles, both individually, and on behalf of each member of the proposed class, requests that the court grant the following relief:

a.  Enter an order, pursuant to Rule 23 of the Ohio Rules of Civil Procedure, certifying this action as a class action for a class defined as set forth in paragraph 43, above;

b.  Enter an order appointing Garson Johnson LLC, Weisman Kennedy & Berris Co., LPA and Dworken & Bernstein, Co., LPA as counsel for the plaintiff class, and appointing Plaintiff Lyles as the representative Plaintiff for the class;

c.  Enter judgment in favor of plaintiff and the plaintiff class for their actual damages, being the amount that Foremost reduced actual cash value payments to each class member by depreciating the cost of labor;

d.  Award Lyles and the plaintiff class all expenses of this action, and requiring Foremost to pay the costs and expenses of class notice and claim administration, and

e.  Award such other or further relief in law or equity in favor of plaintiff and the plaintiff class as the Court finds just and appropriate.

/s/ James A. DeRoche
James A. DeRoche (#0055613)
Stuart I. Garson (#0003133)
**GARSON JOHNSON LLC**
1600 Midland Building
101 West Prospect Avenue
Cleveland, Ohio 44115
Phone: (216) 696-9330
Fax: (216) 696-8558
Email: jderoche@garson.com

R. Eric Kennedy (#0006174)
Daniel P. Goetz (#0065549)
**WEISMAN, KENNEDY & BERRIS CO., L.P.A.**
1600 Midland Building
101 Prospect Ave., W.
Cleveland, OH 44113
Phone: (216)781-1111
Fax: (216)781-6747
Email: ekennedy@weismanlaw.com
Email: dgoetz@weismanlaw.com

Patrick J. Perotti, Esq. (#0005481)
**DWORKEN & BERNSTEIN CO., LPA**
60 South Park Place
Painesville, OH 44077
Phone: (440) 352-3391
Fax: (440) 352-3469
Email: pperotti@dworkenlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury comprised of the maximum number of jurors allowed by law.

/s James A. DeRoche
James A. DeRoche (#0055613)
**GARSON JOHNSON, LLC**

*Counsel for Plaintiff*

# EXHIBIT 1

 **Foremost Insurance Company Grand Rapids, Michigan**

PO Box 268994
Oklahoma City, OK 73126-8994
Toll Free Phone 1-800-527-3907
Toll Free Fax 1-877-217-1389
myclaim@foremost.com

| | | | |
|---|---|---|---|
| Insured: | WALLACE LYLES | Cell: | (216) 396-6218 |
| Property: | 1021 THORNHILL DR | | |
| | CLEVELAND, OH 44108-2316 | | |
| Home: | 1021 THORNHILL DR | | |
| | CLEVELAND, OH 44108-2316 | | |

| | | | |
|---|---|---|---|
| Claim Rep.: | Joseph Rongone | Business: | (440) 821-1712 |
| Business: | P.O Box 268994 | E-mail: | joseph.rongone@farmersinsurance.com |
| | Oklahoma City, OK 73126-8994 | | |

Claimant:     WALLACE LYLES

| | | | |
|---|---|---|---|
| Estimator: | Joseph Rongone | Business: | (440) 821-1712 |
| Business: | P.O Box 268994 | E-mail: | joseph.rongone@farmersinsurance.com |
| | Oklahoma City, OK 73126-8994 | | |

**Claim Number:** 3006126093-1-1     **Policy Number:** 0069472345     **Type of Loss:** Miscellaneous

| | | | |
|---|---|---|---|
| Date Contacted: | 5/6/2016 2:00 PM | | |
| Date of Loss: | 4/16/2016 12:00 AM | Date Received: | 5/6/2016 11:12 AM |
| Date Inspected: | 5/12/2016 10:00 AM | Date Entered: | 5/19/2016 8:16 AM |

| | |
|---|---|
| Price List: | OHCL8X_MAY16 |
| | Restoration/Service/Remodel |
| Estimate: | WALLACE_LYLES2 |



**Foremost Insurance Company Grand Rapids, Michigan**

PO Box 268994
Oklahoma City, OK 73126-8994
Toll Free Phone 1-800-527-3907
Toll Free Fax 1-877-217-1389
myclaim@foremost.com

**WALLACE_LYLES2**

**WALLACE_LYLES2**

| | QUANTITY | UNIT | TAX | O&P | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|---|
| 1. Masonry (Bid Item) | | | | | | | | | | |
| | 1.00 EA | 31,169.00 | 0.00 | 6,233.80 | 37,402.80 | 0/NA | Avg. | 75% [%M] | <28,052.11> | 9,350.69 |

Depreciation of masonry work is based on life expectancy of 100 years. Home was built in 1923 - Age is 93 or 93% depreciation. Maximum depreciation that will be taken is 75%.
This dollars amount is based on bid completed by Chiuchiarelli Masonry Inc - it includes the following:
 - Demolition of existing porch and steps.
 - Removal of all debris.
 - Porch Bracing by others.
 - Rebuild porch to match existing style using brick similar to the ones that have been used in repairs.
 - New brick wall to be backed up with 8" block.
 - Block to be pinned to existing footer and grouted at 36" o/c.
 - If no footer exists add additional $3,000.00 - NOTE: this line item is considered a code upgrade and there is no coverage for code upgrades under your policy.
 - Rebuild steps using new limestone treads and caps
 - Install new concrete floor and replace any fill that was removed.

| | QUANTITY | UNIT | TAX | O&P | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|---|
| 2. Cleaning Technician - per hour | | | | | | | | | | |
| | 6.00 HR | 30.49 | 17.57 | 36.58 | 237.09 | 0/NA | Avg. | 0% | <0.00> | 237.09 |

2 men 3 hours each to remove all the loose brick and clay tile that is in the way of bracing up the 2nd floor porch and roof.

| | QUANTITY | UNIT | TAX | O&P | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|---|
| 3. Temporary shoring post - Screw jack (per day) | | | | | | | | | | |
| | 8.00 DA | 34.36 | 0.00 | 54.98 | 329.86 | 0/150 yrs | Avg. | 0% | <0.00> | 329.86 |
| 4. Material Only Post - wood - 4" x 4" treated lumber | | | | | | | | | | |
| | 4.00 EA | 15.21 | 4.87 | 13.14 | 78.85 | 0/12 yrs | Avg. | 0% | <0.00> | 78.85 |
| 5. Carpenter - General Framer - per hour | | | | | | | | | | |
| | 24.00 HR | 63.40 | 0.00 | 304.32 | 1,825.92 | 0/NA | Avg. | 0% | <0.00> | 1,825.92 |

The above 3 line items are for 2 carpenters 6 hours each to temp brace the upper porch and upper porch roof and take down after masonry is completed.

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **Total: WALLACE_LYLES2** | | | 22.44 | 6,642.82 | 39,874.52 | | | | 28,052.11 | 11,822.41 |

**Reinspection - 2nd Story Porch**

| **Reinspection** | | **Height: 8'** |
|---|---|---|



| | | |
|---|---|---|
| 237.33 SF Walls | 34.00 SF Ceiling | |
| 271.33 SF Walls & Ceiling | 34.00 SF Floor | |
| 3.78 SY Flooring | 29.67 LF Floor Perimeter | |
| 29.67 LF Ceil. Perimeter | | |

| | QUANTITY | UNIT | TAX | O&P | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|---|
| 6. Detach & Reset Gutter / downspout - aluminum - up to 5" | | | | | | | | | | |
| | 46.42 LF | 3.15 | 0.00 | 29.24 | 175.46 | 0/25 yrs | Avg. | 0% | <0.00> | 175.46 |

Detach and reset loose gutters to 2nd story porch.

 **FOREMOST** INSURANCE GROUP

**Foremost Insurance Company Grand Rapids, Michigan**

PO Box 268994
Oklahoma City, OK 73126-8994
Toll Free Phone 1-800-527-3907
Toll Free Fax 1-877-217-1389
myclaim@foremost.com

## CONTINUED - Reinspection

| QUANTITY | UNIT | TAX | O&P | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 7.  Temporary shoring post - Screw jack (per day) | | | | | | | | | |
| 1.00 DA | 34.36 | 0.00 | 6.88 | 41.24 | 0/150 yrs | Avg. | 0% | <0.00> | 41.24 |
| 8.  Carpenter - General Framer - per hour | | | | | | | | | |
| 1.00 HR | 63.40 | 0.00 | 12.68 | 76.08 | 0/NA | Avg. | 0% | <0.00> | 76.08 |
| Time needed to move the upper column back into plumb. | | | | | | | | | |
| 9.  Paint the surface area - one coat | | | | | | | | | |
| 194.93 SF | 0.44 | 1.72 | 17.50 | 104.99 | 0/15 yrs | Avg. | 25% [%] | <26.25> | 78.74 |
| 10.  Spot seal w/oil based/hybrid stain blocker | | | | | | | | | |
| 1.00 EA | 17.03 | 0.18 | 3.44 | 20.65 | 0/15 yrs | Avg. | 0% | <0.00> | 20.65 |
| The above 2 line items are to prime the raw wood around new masonry column on lower porch and paint the ceiling to match. | | | | | | | | | |
| 11.  Paint column - two coats | | | | | | | | | |
| 20.00 LF | 3.75 | 0.70 | 15.14 | 90.84 | 0/15 yrs | Avg. | 25% [%] | <22.71> | 68.13 |
| Paint upper column. | | | | | | | | | |
| 12.  Roofer - per hour | | | | | | | | | |
| 1.00 HR | 130.00 | 0.00 | 26.00 | 156.00 | 0/NA | Avg. | 25% [%] | <39.00> | 117.00 |
| Time needed to resecure the loose shingles on the roof above the lower front porch. | | | | | | | | | |
| **Totals:  Reinspection** | | **2.60** | **110.88** | **665.26** | | | | **87.96** | **577.30** |
| **Total:  Reinspection - 2nd Story Porch** | | **2.60** | **110.88** | **665.26** | | | | **87.96** | **577.30** |

### Labor Minimums Applied

| QUANTITY | UNIT | TAX | O&P | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 13.  Gutter labor minimum* | | | | | | | | | |
| 1.00 EA | 66.21 | 0.00 | 13.24 | 79.45 | 0/NA | Avg. | 0% | <0.00> | 79.45 |
| 14.  Roofing labor minimum* | | | | | | | | | |
| 1.00 EA | 390.00 | 0.00 | 78.00 | 468.00 | 0/NA | Avg. | 0% | <0.00> | 468.00 |
| **Totals:  Labor Minimums Applied** | | **0.00** | **91.24** | **547.45** | | | | **0.00** | **547.45** |
| **Line Item Totals:  WALLACE_ LYLES2** | | **25.04** | **6,844.94** | **41,087.23** | | | | **28,140.07** | **12,947.16** |

[%] - Indicates that depreciate by percent was used for this item
[M] - Indicates that the depreciation percentage was limited by the maximum allowable depreciation for this item

WALLACE_LYLES2                                                            9/25/2017            Page: 3

 **Foremost Insurance Company Grand Rapids, Michigan**

PO Box 268994
Oklahoma City, OK 73126-8994
Toll Free Phone 1-800-527-3907
Toll Free Fax 1-877-217-1389
myclaim@foremost.com

## Grand Total Areas:

| | | | | | |
|---|---|---|---|---|---|
| 237.33 | SF Walls | 34.00 | SF Ceiling | 271.33 | SF Walls and Ceiling |
| 34.00 | SF Floor | 3.78 | SY Flooring | 29.67 | LF Floor Perimeter |
| 0.00 | SF Long Wall | 0.00 | SF Short Wall | 29.67 | LF Ceil. Perimeter |
| | | | | | |
| 34.00 | Floor Area | 44.33 | Total Area | 237.33 | Interior Wall Area |
| 291.00 | Exterior Wall Area | 32.33 | Exterior Perimeter of Walls | | |
| | | | | | |
| 0.00 | Surface Area | 0.00 | Number of Squares | 0.00 | Total Perimeter Length |
| 0.00 | Total Ridge Length | 0.00 | Total Hip Length | | |

 **Foremost Insurance Company Grand Rapids, Michigan**

PO Box 268994
Oklahoma City, OK 73126-8994
Toll Free Phone 1-800-527-3907
Toll Free Fax 1-877-217-1389
myclaim@foremost.com

## Summary for Building

| | |
|---|---:|
| Line Item Total | 34,217.25 |
| Material Sales Tax | 7.47 |
| Subtotal | 34,224.72 |
| Overhead | 3,422.47 |
| Profit | 3,422.47 |
| Cln&Carpet Svc Tax | 17.57 |
| **Replacement Cost Value** | **$41,087.23** |
| Less Non-recoverable Depreciation | <28,140.07> |
| **Actual Cash Value** | **$12,947.16** |
| Less Deductible | (1,000.00) |
| **Net Claim** | **$11,947.16** |

_____
Joseph Rongone

 **Foremost Insurance Company Grand Rapids, Michigan**

PO Box 268994
Oklahoma City, OK 73126-8994
Toll Free Phone 1-800-527-3907
Toll Free Fax 1-877-217-1389
myclaim@foremost.com

## Recap of Taxes, Overhead and Profit

|  | Overhead (10%) | Profit (10%) | Material Tax (0%) | Material Sales Tax (8%) | Cln Matl Tax (8%) | Cln&Carpet Svc Tax (8%) |
|---|---|---|---|---|---|---|
| **Line Items** | | | | | | |
|  | 3,422.47 | 3,422.47 | 0.00 | 7.47 | 0.00 | 17.57 |
| **Total** | | | | | | |
|  | **3,422.47** | **3,422.47** | **0.00** | **7.47** | **0.00** | **17.57** |

Electronically Filed 11/20/2017 13:49 / CV 17 889341 / Confirmation Nbr. 1230074 / CLJSZ



12' 8"

12'

Reinspection

2' 10"

3' 6"



N

Reinspection - 2nd Story Porch

# EXHIBIT 2

# Foremost Classic® ACV Homeowners Policy



**FOREMOST**
INSURANCE COMPANY
GRAND RAPIDS, MICHIGAN

A Stock Company

**Home Office**
5600 Beech Tree Lane
Caledonia, Michigan 49316

# TABLE OF CONTENTS

Insuring Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SECTION I — Your Property Coverages . . . . . . . . . . . . . . . . . . . . . . . 2
Coverage A — Dwelling . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Coverage B — Other Structures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Coverage C — Personal Property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    Special Amounts of Insurance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Property We Do Not Insure  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Coverage D — Additional Living Expenses . . . . . . . . . . . . . . . . . . . . . . 5
Your Additional Coverages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

SECTION I — Insured Perils  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Coverage A — Dwelling . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Coverage B — Other Structures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Coverage C — Personal Property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

SECTION I - Exclusions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
Coverage A — Dwelling . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
Coverage B — Other Structures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
Coverage C — Personal Property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

SECTION I — Our Payment Methods . . . . . . . . . . . . . . . . . . . . . . . . . 11
Coverage A — Dwelling . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
Coverage B — Other Structures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
Coverage C — Personal Property . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
Specific Losses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    Pairs, Sets or Series of Objects . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    Glass Replacement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

SECTION I — Deductible . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Form 35000 09/99

**SECTION II — Your Liability Coverages** . . . . . . . . . . . . . . . . . . . . . . . **12**

Coverage E — Personal Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
Coverage F — Medical Payments to Others . . . . . . . . . . . . . . . . . . . . . . . . . 12

**SECTION II — Your Additional Coverages** . . . . . . . . . . . . . . . . . . . . . **13**

Claim Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
First Aid Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
Damage to Property of Others . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**SECTION II - Exclusions** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **13**

Coverage E — Personal Liability
Coverage F — Medical Payments to Others . . . . . . . . . . . . . . . . . . . . . . . . . 13
Coverage E — Personal Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
Coverage F — Medical Payments to Others . . . . . . . . . . . . . . . . . . . . . . . . . 15
Damage to Property of Others . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**Conditions** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **16**

Electronically Filed 11/20/2017 13:49 /  / CV 17 889341 / Confirmation Nbr. 1230074 / CLJSZ

# CLASSIC ACV POLICY

Read the entire policy carefully to determine rights, duties, and what is and is not insured. Various provisions in this policy restrict coverage.

Words and phrases that appear in **bold-faced type** have special meaning. Refer to the **Definitions**.

## Insuring Agreement

We, us and our means the company named on the Declarations Page.

You, your and yours means the person named on the Declarations Page and that person's **family member**. In SECTION II - Your Liability Coverages, with respect to animals or watercraft to which this policy applies, you also includes any person or organization legally responsible for these animals or watercraft that are owned by any of you. But you does not include a person or organization using or having custody of these animals or watercraft in the course of any **business** or without consent of the owners.

Under SECTION II - Your Liability Coverages you also includes persons employed by any of you and other persons while they are using a vehicle, to which this policy applies, on your **premises** and with the consent of any of you.

If you pay the premium, we will provide the insurance you have selected as shown on the Declarations Page. This is subject to all policy terms and conditions. The Declarations Page is part of this policy.

## Definitions

**Actual cash value** means the cost to repair or replace property with conventional materials of like kind and quality, less allowance for physical deterioration and depreciation, including obsolescence.

**Bodily injury** means physical injury, sickness, disease or death, caused by an accident.

**Business** means any full-time or part-time trade, profession or occupation engaged in for economic gain.

**Business** does not mean:

1. The rental, or holding for rental, of part of your **premises** for use as a dwelling, unless the rental is to three or more roomers or boarders.

2. The rental, or holding for rental, of part of your **premises** as a private garage, office, school or studio.

3. **Incidental farming operations** conducted on your **premises** unless the gross income from these operations is more than $5,000 a year.

**Earth movement** means:

1. Earthquake, including land shock waves or tremors before, during or after volcanic eruptions.

2. Landslide.

3. Mudflow.

4. Earth sinking, rising or shifting.

5. Mine subsidence.

**Family member** means a person who resides in your household and is related to you by blood, marriage or adoption. This includes a ward or a foster child.

1

**Incidental farming operations** means the cultivation, harvesting, storage and sale of farm crops and the raising of livestock for personal use or consumption. **Incidental farming operations** does not mean, however, the raising, use or sale of livestock for profit or charge.

**Medical expenses** means reasonable charges for:

1. Medical.
2. Surgical.
3. X-ray.
4. Dental.
5. Ambulance.
6. Hospital.
7. Professional nursing.
8. Recognized religious methods of healing.
9. Prosthetic devices.
10. Funeral services.

**Pollutant** means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals, metals, lead paint components and compounds, and waste. Waste includes materials to be recycled, reconditioned or reclaimed. Irritants and contaminants released by an accidental fire on your **premises** are not a **pollutant**.

**Premises** means:

1. For purposes of SECTION I — Your Property Coverages, **premises** means the place where you reside that is described on the Declarations Page and the dwelling and other structures located there.

2. For purposes of SECTION II — Your Liability Coverages, **premises** means your dwelling and other structures where you reside that are described on the Declarations Page.

**Premises** also includes:

a. Sidewalks and driveways adjacent to your dwelling.

b. Vacant land, other than farm land, owned by or rented to any of you.

c. Land on which a one-family or two-family dwelling is being built for your personal use.

d. Premises not owned by you but in which you live temporarily.

e. Your cemetery plots and burial vaults.

f. Any part of a premises occasionally rented to you for other than **business** use.

**Property damage** means direct physical damage or destruction of tangible property of others, including loss of its use caused by an accident.

**Residence employee** means an employee of yours who performs duties in connection with the maintenance or use of your **premises**, including household or domestic services, or who performs duties elsewhere of a similar nature not in connection with a **business** of any of you.

# SECTION I — Your Property Coverages

We provide insurance only for covered losses that occur during the Policy Period shown on the Declarations Page.

## Coverage A — Dwelling

We insure:

1. Your dwelling shown on the Declarations Page.

2. Materials and supplies located on or immediately adjacent to your **premises** for use in the construction, alteration or repair of your dwelling or other structures on your **premises**.

2

3. Any structure you own on your **premises** that is attached to your dwelling.

We do not insure land, including land on which your dwelling is located.

## Coverage B — Other Structures

We insure:

1. Other structures you own on your **premises** that are separated from your dwelling.

2. Structures on your **premises** connected to your dwelling by only a fence, utility line or similar connection.

We do not insure:

i. Land, including land on which the other structures are located.

ii. Other structures used in whole or in part for **business** purposes.

iii. Other structures rented, or held for rental, to any person not a tenant of your dwelling unless they are used solely as a private garage.

## Coverage C — Personal Property

We insure personal property you own or use anywhere in the world.

The Amount of Insurance for personal property usually located at a dwelling that you own, other than the dwelling on your **premises**, is 10% of the Amount of Insurance for Personal Property Coverage or $1,000, whichever is greater.

While moving into a dwelling, for a 30-day period, you may apply the Amount of Insurance for Personal Property Coverage to your personal property located in your new dwelling.

If you request it, we will insure personal property owned by:

1. Others while the property is on the part of your **premises** occupied by any of you.

2. A guest or a **residence employee** while the property is in any dwelling occupied by any of you.

These provisions do not change the Special Amounts of Insurance.

### Special Amounts of Insurance

Special Amounts of Insurance apply to the following groups of personal property. These Special Amounts of Insurance do not increase the total Amount of Insurance provided by Coverage C – Personal Property. The Special Amount of Insurance for each group is the maximum we will pay for any one loss for all property included in the following groups:

| Special Amounts of Insurance | Personal Property Group |
|---|---|
| 1. $200 | Animals, including birds and fish. |
| 2. $200 | Money, bank notes, bullion, coins, medals, precious metals including platinum, gold other than gold ware and silver other than silverware. |
| 3. $250 | Personal property primarily used or intended for **business** purposes while away from your **premises**. |
| 4. $1,000 | Securities, accounts, deeds, evidence of debt, letters of credit, notes other than bank notes, manuscripts, passports, personal records, tickets, and stamps. |
| | This special Amount of Insurance includes all costs to research, restore or replace the information and the medium upon which it was recorded. |
| 5. $1,000 | Trailers, other than watercraft trailers. |

3

6.  $1,500   Watercraft, including their trailers, furnishings, accessories, equipment and engines or motors.

7.  $2,500   Personal property primarily used or intended for **business** purposes while on your **premises**.

8.  $5,000   Electronic data processing equipment and the recording or storage media used with that equipment, other than equipment and media used or intended for business purposes. Recording or storage media will be insured only up to:
    a.  the retail value of the media, if preprogrammed; or
    b.  the retail value of the media in blank or unexposed form, if blank or self-programmed.

9.  $1,000   All personal property insured by this policy for loss by theft including mysterious disappearance.

    This category does not apply to Special Amounts of Insurance categories 1, 2, 3.

10. $1,000   Fine arts. A fine art is privately owned property, the market value of which is determined by its beauty or rarity. Fine arts generally consist of property such as antique furnishings, paintings, sculptures, tapestries, art glass and similar objects which have artistic merit or historic significance. Motion pictures, video tapes, video disks, and similar property are not fine arts regardless of the nature of the images recorded on them.

## Property We Do Not Insure

We do not insure:

1.  Property separately described and specifically insured elsewhere in this or any other insurance policy.

2.  Motor vehicles, recreational motor vehicles, all other motorized land conveyances and their parts, equipment and accessories. Accessories include tapes, wires, records, discs, or other media for use with any device for the recording or reproduction of sound while in or upon the vehicle or conveyance.

    We do insure vehicles or conveyances, other than recreational vehicles or conveyances, that are not subject to motor vehicle registration and that are:
    a.  Usual to the maintenance of your **premises**; or
    b.  Designed for assisting the handicapped.

3.  Aircraft and any aircraft parts, equipment and accessories.

    We do insure model or hobby aircraft not used or designed to carry people or cargo.

4.  Property in an apartment rented, or held for rental to others, by any of you.

5.  Property rented, or held for rental to others, while that property is away from your **premises**.

6.  **Business** data, including the media upon which it is recorded or stored.

4

We do insure the cost of prerecorded computer programs available on the retail market.

7. Credit cards or money transfer cards, except as described in 6. of Your Additional Coverages.

## Coverage D — Additional Living Expenses

We include the following Additional Living Expenses:

1. If an insured loss makes your dwelling not fit to live in, we will pay the actual, reasonable and necessary increase in your living expense to maintain your normal standard of living while you live elsewhere. We will pay for the shortest time needed:

   a. To repair or replace the damaged property; or

   b. For you to permanently relocate.

2. If an insured loss occurs at that part of your **premises** that you rent to others or that you hold for rental, we will pay for your loss of normal rents resulting from an insured loss while the rented part of your dwelling is not fit to live in or use, less charges and expenses that do not continue during that time.

   We will pay this loss of normal rents only for the shortest time needed to make the rented part habitable.

3. If damage caused by an Insured Peril occurs at a neighboring premises and makes your dwelling unfit to live in, we will pay any resulting additional living expenses and loss of normal rents for up to 30 days while civil authorities prohibit occupancy of your **premises**.

The periods of time described in Coverage D — Additional Living Expenses are not limited by the expiration of this policy.

We will not pay for loss or expense due to the cancellation of a lease or agreement.

No deductible will apply.

## Your Additional Coverages

We automatically include the following additional coverages:

1. **Debris Removal.** We will pay the actual, reasonable and necessary cost of the removal of debris of insured property, other than trees, from your **premises** after an Insured Peril damages the property.

   The debris removal cost is included in the Amount of Insurance that applies to the damaged property. If the amount to be paid for the actual damage to the property, plus the debris removal cost, is more than the Amount of Insurance for the damaged property, we will pay up to an additional 5% of that Amount of Insurance for debris removal.

   We will also pay the actual, reasonable and necessary cost, up to $500, for the removal of one or more fallen trees from your **premises** if the falling of your tree or a neighbor's tree was caused by lightning, windstorm or hail, weight of ice, snow or sleet.

   No deductible will apply.

2. **Emergency Repairs After Loss.** We will pay any actual, reasonable and necessary expenses for emergency repairs incurred in protecting your dwelling, other structures and personal property from further damage if the damage was caused by an Insured Peril.

   This coverage does not change the Amount of Insurance that applies to the property being protected.

   No deductible will apply.

5

3. **Trees, Shrubs, Plants and Lawns.** We will pay up to 5% of the Amount of Insurance shown for Coverage A — Dwelling for loss to trees, shrubs, plants and lawns on your **premises**. We will not pay more than $500 for any one tree, shrub, plant or lawn including the cost of removing the debris of the insured property.

Coverage applies to loss caused by fire, lightning, explosion, riot, civil commotion, vandalism, malicious mischief, theft, aircraft and vehicles not owned or operated by any resident of your **premises**.

We do not insure trees, shrubs, plants or lawn:

a. Grown for **business** purposes; or

b. Located more than 300 feet from your dwelling on your **premises**.

No deductible will apply.

4. **Fire Department Service.** We will pay the actual, necessary and reasonable charges, up to $500, for fire department services rendered when the fire department is called to save or protect insured property from an Insured Peril.

No deductible will apply.

5. **Emergency Removal of Personal Property.** We insure your insured personal property against direct loss from any cause while being removed from your **premises** endangered by an Insured Peril, but for no more than 30 days while removed.

This coverage does not change the Amount of Insurance that applies to the personal property being removed.

No deductible will apply.

6. **Credit Card, Money Transfer Card, Check Forgery and Counterfeit Money.**

a. Credit Card and Money Transfer Card Coverage. If you are legally required to pay for the unauthorized use of a credit card or charge plate issued to you, we will insure the loss. We will also pay for loss which results from unauthorized use of a money transfer card issued to you. We will not insure use of the credit card or money transfer card by you. We also will not insure use by someone to whom you have given the card or plate. We will not insure any use unless you have met all the terms under which the card or plate was issued.

b. Check Forgery Coverage. We insure loss to you caused by forgery or alteration of a check. This includes all negotiable instruments.

c. Counterfeit Money Coverage. We insure loss sustained by you through acceptance in good faith of counterfeit United States or Canadian paper currency.

We will not pay more than $1,000 for any one loss involving one or more of these coverages. Repeated losses caused by any one person or in which any one person is involved are to be considered one loss.

We do not insure any loss that arises from your **business** pursuits or dishonesty.

If a claim is made or suit is brought against any of you for liability under the Credit Card or Money Transfer Card Coverage, we will defend you. We will defend at our expense with legal counsel of our choice.

6

We may, at our option and at our expense, defend you or your bank against a suit to enforce payment under the Check Forgery Coverage.

We may investigate any claim or settle any suit as we think appropriate.

We will not defend after we have paid or offered to pay $1,000 for any one loss involving one or more of these coverages.

No deductible will apply.

7. **Loss Assessment.** We will pay the actual, reasonable and necessary cost, up to $2,500, for your share of any loss assessment charged against all members of an association of property owners if the assessment is made as a result of direct loss to the property collectively owned by all members, caused by an Insured Peril.

We do not insure assessments for direct loss caused by **earth movement**.

This coverage applies only to assessments made against you as the owner or tenant of your **premises** for losses that occur during the Policy Period.

We will pay no more than $2,500 with respect to any one loss, regardless of the number of assessments.

No deductible will apply.

8. **Landlord Furnishings.** We will pay the actual, necessary and reasonable cost, up to $2,500, for your appliances, carpeting and other furnishings in an apartment on your **premises** that you regularly rent or hold for rental to others, for loss caused by an Insured Peril.

We do not insure against loss by theft.

The deductible shown on the Declarations Page will apply.

9. **Food Spoilage.** We will pay the actual, necessary and reasonable cost, up to $250, for spoilage of food in your freezer or refrigerator, on your **premises**, when the damage is caused by interruption of electrical service or mechanical breakdown.

A deductible of $50 will apply to each loss.

# SECTION I — Insured Perils

## Coverage A — Dwelling
## Coverage B — Other Structures

We insure risk of direct physical loss to the property described in Coverage A — Dwelling and Coverage B — Other Structures unless the loss is excluded elsewhere in this policy.

## Coverage C — Personal Property

We insure risk of direct physical loss to property described in Coverage C — Personal Property caused by any of the following perils unless the loss is excluded elsewhere in this policy:

1. Fire.

2. Lightning.

3. Windstorm or hail.

   We do not insure:

   a. Loss to property in a building caused by rain, snow, sand, sleet, wind-driven water or dust unless the building is first damaged by the direct force of wind or hail, creating an opening through which the rain, snow, sand, sleet, wind-driven water or dust enters; or

   b. Loss to watercraft, including their trailers, furnishings, accessories,

7

equipment, and engines or motors, while off your **premises**.

4. Explosion.

5. Riot or civil commotion, including direct loss from pillage and looting during or immediately after the riot and at the site of the riot or civil commotion.

6. Aircraft, including self-propelled missiles and spacecraft.

7. Vehicles.

8. Smoke or smudge, if the loss is sudden and accidental.

   We do not insure loss due to:

   a. The gradual accumulation of any oily or greasy substance or film; or

   b. Smoke from agricultural or commercial operations.

9. Vandalism or malicious mischief.

10. Theft or attempted theft. We also insure personal property that disappears from a known place if it is probable that the property was stolen rather than lost.

    We do not insure theft:

    a. Committed by any of you;

    b. From the part of your **premises** rented to a person other than any of you; or

    c. Of campers, trailers and watercraft, including their furnishings, accessories, equipment and engines or motors, if the loss is caused by theft that occurs off your **premises**.

    A student's property is insured while at a residence away from your **premises** if the student has been at that residence at any time during the 45 days immediately before the loss.

11. Falling objects.

    We do not insure loss to property contained in a building unless the falling object first damages the exterior of the structure. We do not insure loss to the falling object.

12. Weight of ice, snow or sleet that causes loss to property contained in a structure.

13. Sudden and accidental tearing apart, cracking, burning or bulging of a steam or hot water heating system, air conditioning system, automatic fire protection sprinkler system, or appliance for heating water.

    We do not insure loss that is caused by or results from freezing except as provided in the peril of freezing.

14. Freezing of plumbing, heating, air conditioning or automatic fire protection sprinkler systems and appliances.

    We do not insure loss of property in your dwelling while your dwelling is unoccupied, vacant, or being constructed unless you have used reasonable care to:

    a. Maintain heat in the dwelling; and

    b. Shut off the water supply and drain the systems and appliances of water.

15. Accidental discharge, release or overflow of water or steam from a plumbing, heating, air conditioning or automatic sprinkler system or appliance.

    We do not insure loss:

    a. To the appliance or system;

    b. On your **premises** caused by accidental discharge or overflow that occurs off your **premises**; or

8

c. Caused by or resulting from freezing except as provided in the peril of freezing.

A plumbing system does not include a sump or sump pump and its related equipment and piping.

16. Power surge from artificially generated electrical current.

We do not insure loss to a tube, transistor or similar electronic part.

17. Glass breakage.

We will pay only for accidental damage to insured property caused by the breakage of glass or safety glazing material that is part of a building, storm door or storm window.

18. Total collapse of your dwelling or an other structure that is a building, but only if that total collapse is caused by a Coverage C — Personal Property Insured Peril or:

a. Hidden decay;

b. Hidden insect or vermin damage;

c. Weight of contents, equipment, animals or people;

d. Weight of rain which collects on a roof; or

e. Use of defective material or methods in construction, remodeling or renovation if the collapse occurs during the course of construction, remodeling or renovation.

## SECTION I - Exclusions

## Coverage A — Dwelling
## Coverage B — Other Structures
## Coverage C — Personal Property

We do not insure loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently to the loss.

1. Loss intentionally caused by any of you or performed at any of your direction.

2. Loss caused by:

a. Flood water, surface water, waves, tidal water or overflow of a body of water, including spray whether or not driven by wind;

b. Water or sewage that backs up through sewers or drains or that overflows from a sump; or

c. Water below the surface of the ground, including water that exerts pressure on or flows, seeps or leaks through any part of a building, other structure, foundation, sidewalk, driveway or swimming pool.

We do insure direct loss caused by fire or explosion that results from water damage.

3. Loss caused by **earth movement**.

We do insure for direct loss by fire, explosion, theft or breakage of glass or safety glazing material that is part of a building, storm door or storm window.

4. Loss caused by enforcement of any governmental requirement regulating:

a. Construction;

b. Remodeling;

c. Renovation;

d. Repair;

e. Demolition;

f. Sale;

g. Confiscation;

h. Seizure; or

i. Occupancy.

5. Loss caused by an illegal activity, trade or **business** being conducted by

9

any of you or any resident of your **premises**, or that is being conducted with the knowledge of any of you or any resident of your **premises**.

6. Loss caused by nuclear reaction, explosion, radiation or radioactive contamination.

   We do insure direct loss by fire resulting from nuclear hazard.

7. Loss caused by:

   a. The conduct, act, failure to act or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent or without fault;

   b. A defect, weakness, inadequacy, fault or unsoundness in:

      (1) Planning, zoning, development, surveying, siting;

      (2) Design, specifications, workmanship, construction, grading, compaction;

      (3) Materials used in construction or repair; or

      (4) Maintenance

      of any property, including but not limited to, land, structures, or improvements of any kind, whether on or off your **premises**.

   c. Weather conditions, including, but not limited to, heat, cold, rain, ice, snow, sleet, wind, hail or drought.

      This exclusion, 7.c., applies only if there is another cause of loss that is excluded by this policy.

   This exclusion does not apply to an ensuing loss unless that loss is otherwise excluded by this policy.

8. Loss caused by war, whether declared or undeclared, including civil war, insurrection, rebellion or revolution.

9. Loss caused by:

   a. The actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of **pollutants** at or from your **premises**; or

   b. Any governmental direction or request that any of you test for, monitor, clean up, remove, contain, treat, detoxify or neutralize **pollutants**.

10. Loss to your dwelling while it is vacant, unoccupied or being constructed if the loss is caused by:

    a. Freezing of plumbing, heating or air conditioning systems, automatic fire protection sprinkler system or appliances; or

    b. Discharge, leakage or overflow from the system or appliances caused by freezing.

    This exclusion does not apply if you take precautions to:

    i. Maintain heat in the dwelling; or

    ii. Shut off the water supply and drain the systems and appliances of water.

11. Loss caused by:

    a. Wear and tear, marring, scratching, deterioration;

    b. Inherent vice, latent defect, mechanical breakdown;

    c. Rust or other corrosion, fungi, wet or dry rot;

    d. Smog, smoke from agricultural smudging or industrial operations;

    e. Settling, cracking, shrinkage, bulging or expansion, including resulting cracking of pavements, patios, foundations, walls, floors, roofs or ceilings; or

    f. Birds, vermin, rodents, insects or domestic animals.

10

We do insure:

i. Loss caused by water that escapes from a plumbing, heating, automatic fire protection sprinkler or air conditioning system or domestic appliance;

ii. The cost of tearing out and replacing any part of your dwelling or other structure necessary to repair the system or appliance; and

iii. Direct loss caused by fire or explosion that results from a cause listed in 11.a. through 11.f.

We do not insure loss to the system or appliance from which the water escaped.

12. Loss caused by theft in or to your dwelling under construction, or of construction materials and supplies used in the construction until your dwelling is finished or occupied.

13. Loss caused by continuous or repeated seepage or leakage of water or steam from within a plumbing, heating, automatic fire protection sprinkler or air conditioning system or from within an appliance that occurs over a period of weeks, months or years.

14. Loss caused by freezing, thawing, pressure or weight of water or ice, whether driven by wind or not, to a fence, pavement, patio, swimming pool, septic tank, foundation, retaining wall, bulkhead, pier, wharf or dock.

15. Loss caused by vandalism, burglary or malicious mischief or breakage of glass and safety glazing materials if your dwelling has been vacant for more than 30 consecutive days immediately preceding the loss. A building

being constructed is not considered vacant.

We do insure direct loss caused by fire or explosion that results from any of these.

16. Loss caused by volcanic eruption.

17. Loss to animals, including birds and fish unless caused by fire, lightning, windstorm, hail, smoke, explosion, riot or falling aircraft.

SECTION I exclusions do not apply to loss arising out of total collapse of your dwelling or other structure that is a building if that collapse is caused by a peril described in Coverage C — Personal Property.

## SECTION I — Our Payment Methods

### Coverage A — Dwelling
### Coverage B — Other Structures
### Coverage C — Personal Property

The amount we pay for loss of or damage to your dwelling, other structures and personal property will be the lowest of:

1. The actual cash value of your damaged property at the time of the loss;

2. The amount required to repair or replace your property; or

3. The Amount of Insurance shown on the Declarations Page.

We may make a cash settlement and take all or part of the property at its appraised or agreed upon value, or repair or replace the property with property of like kind and quality. We will give you notice of our intention within 30 days after we receive your proof of loss.

The damage to your property will reduce the Amount of Insurance available by the amount of the damage. Your coverage will return to the Amount of Insurance shown

11

on the Declarations Page upon completion of the repairs or replacements.

## Coverage A — Dwelling
## Coverage B — Other Structures
## Coverage C — Personal Property

### Specific Losses

#### Pairs, Sets or Series of Objects

In case of loss to a part of a pair, set or series of objects we may:

1. Repair or replace any part to restore the pair or set to its value before the loss.

2. Pay the difference between **actual cash value** of the pair or set before and after the loss.

3. Pay the reasonable cost of providing a substitute to match the remainder of the pair or set as closely as possible.

We will not be obligated to repair or replace the entire pair, set or series of objects when a part is lost or damaged.

#### Glass Replacement

We will pay for loss to glass caused by an Insured Peril on the basis of replacement with safety glazing materials when required by law.

# SECTION I — Deductible

Any loss will be subject to the deductible shown on the Declarations Page or elsewhere in this policy unless stated otherwise.

# SECTION II — Your Liability Coverages

## Coverage E — Personal Liability

If a claim is made or a suit brought against you for damages because of **bodily injury**

or **property damage**, caused by an accident to which this coverage applies, we will:

1. Pay up to the Limit of Liability shown on the Declarations Page for the damages for which you are legally liable.

2. Provide a defense at our expense by attorneys of our choice.

We may make any investigations and settle any claims or suits that we decide appropriate. Our obligation to defend any claim or suit ends when the amount we pay in settlement or judgment for damages resulting from the accident equals the Limit of Liability shown on the Declarations Page. This insurance applies only to **bodily injury** and **property damage** that occurs during the Policy Period shown on the Declarations Page.

## Coverage F — Medical Payments to Others

We will pay for you, up to the Limit of Liability shown on the Declarations Page, the necessary and reasonable **medical expenses** incurred or medically determined within three years from the date of an accident causing **bodily injury**. This insurance applies only to accidents that occur during the Policy Period shown on the Declarations Page.

Medical Payments to Others applies only:

1. To a person on **your premises** with your permission.

2. To a person on or off your **premises** if the **bodily injury**:

   a. Arises out of a condition in or on your **premises**;

   b. Is caused by your activities;

   c. Is caused by a **residence employee** in the course of duties for you; or

   d. Is caused by an animal owned by you or in your care.

12

A Medical Payments to Others payment is not an admission of liability by any of you or us.

## SECTION II — Your Additional Coverages

### Claim Expenses

We will pay:

1.  Expenses we incur and costs taxed against you in any suit we defend.

2.  Premiums on bonds required in a suit we defend, but not for bond amounts greater than the Limit of Liability for Personal Liability. We are not obligated to apply for or furnish any bonds.

3.  Expenses you incur at our request, including up to $100 a day actual loss of earnings, for assisting us in the investigation or defense of any claim or suit.

4.  Prejudgment interest awarded against you on that part of the judgment we pay.

5.  Interest on the entire entered judgment until we pay, formally offer, or deposit in court that part of the judgment that does not exceed the limit of our liability on that judgment.

### First Aid Expenses

We will pay your expenses for first aid to others at the scene of an accident. We will not pay for first aid to any of you.

### Damage to Property of Others

We will pay, at the cost to replace, up to $500 per accident, for Damage to Property of Others caused by you.

## SECTION II - Exclusions

### Coverage E — Personal Liability
### Coverage F — Medical Payments to Others

We will not pay for **bodily injury** or **property damage**:

1.  Sustained by any person who regularly resides on your **premises**.

2.  Resulting from any act or omission that is intended by any of you to cause any harm or that any of you could reasonably expect to cause harm. This exclusion applies whether or not any of you:

    a.  Intended or expected the result of his or her act or omission so long as the resulting injury or damage was a natural consequence of the intended act or omission;

    b.  Was under the influence of alcohol or narcotics;

    c.  Was insane; or

    d.  Is deemed not to have had the mental capacity to form the legal intent to commit the act or omission causing injury or damage.

    This exclusion does not apply to **bodily injury** resulting from the use of reasonable force to protect persons or property.

3.  Resulting from an act committed by any of you in the course of or in furtherance of any crime or offense of a violent nature.

4.  Arising out of the rental, or holding for rental, of any premises owned by any of you.

    This exclusion does not apply to the rental, or holding for rental, of part of your **premises** shown on the Declarations Page unless intended for use as a

13

residence by three or more roomers or boarders.

5. Arising out of the **business** of any of you.

6. Arising out of the rendering or failing to render professional services.

7. Arising out of the actual, alleged or threatened discharge, dispersal, release, escape of, or the ingestion, inhalation or absorption of **pollutants** at or from any property you own, rent, occupy, sell, abandon or give away.

8. Arising out of loss, cost or expense from any governmental direction or request that you test for, monitor, clean up, remove, contain, treat, detoxify or neutralize **pollutants**.

9. Arising out of the ownership, maintenance, use, loading or unloading of:

   a. Aircraft.

      This exclusion does not apply to model airplanes.

   b. A land motor vehicle designed for use on public roads, owned or operated by or rented or loaned to any of you.

      This exclusion does not apply if the land motor vehicle is not subject to motor vehicle registration because it is:

      (1) Used exclusively on your **premises**; or

      (2) Kept in dead storage on your **premises**.

   c. A recreational land motor vehicle owned by any of you.

      This exclusion does not apply:

      (1) To recreational land motor vehicles on your **premises**;

      (2) To recreational land motor vehicles in dead storage; or

   (3) To a golf cart while used for golfing.

   d. Watercraft:

      (1) Owned entirely or partially by, or rented to, any of you if it has motor power of more than 50 total horsepower; or

      (2) Owned entirely or partially by, or rented to, any of you if it is a sailing vessel 26 feet or more in length.

      This exclusion does not apply to **bodily injury** to a **residence employee** arising out of and in the course of employment by any of you.

   e. Trailers.

      This exclusion applies only to trailers being towed by or carried on a land motor vehicle.

10. Arising out of:

    a. The entrustment by any of you to any person;

    b. The negligent supervision by any of you of any person;

    c. Any liability by statute imposed on any of you; or

    d. Any liability assumed through an unwritten or written agreement by any of you;

    with regard to the ownership, maintenance or use of any aircraft, land motor vehicle, recreational land motor vehicle, watercraft or trailer that is not insured in SECTION II — Your Liability Coverages.

11. Arising directly or indirectly out of war, hostile or warlike action in time of peace or war, whether or not declared, riot or civil disorder.

14

12. Arising out of the transmission of or exposure to a communicable disease by any of you.

13. Arising out of child care services provided for a fee by or at the direction of:

    a. Any of you;

    b. Any of your employees; or

    c. Any other person actually or apparently acting on behalf of any of you.

    This exclusion does not apply to the occasional child care services provided by any of you or to the part-time child care services provided by any of you younger than 19 years of age.

14. Arising out of any sexual act, sexual molestation, corporal punishment, or physical or mental abuse.

15. Arising out of the illegal or unlawful acts of any of you or any of your guests.

16. Arising out of any residence premises owned or leased to any of you that is not described in this policy.

17. Arising out of nuclear reaction, radiation or radioactive contamination.

## Coverage E — Personal Liability

We will not pay for:

1. Liability assumed in a contract or agreement in connection with a **business** of any of you.

2. Liability arising out of any loss assessment in excess of $2,500, charged against you as a member of an association, corporation or community of property owners, for any one accident.

3. Damage to property owned, sold, rented to others, abandoned or given away by any of you.

4. Damage to property rented to, occupied or used by any of you or in your care, except **property damage** caused by fire, smoke or explosion.

5. **Bodily injury** to any person eligible to receive any benefits required to be provided by you under any workers' compensation, non-occupational disability or occupational disease law.

6. **Bodily injury** or **property damage** to any of you as defined in this policy.

## Coverage F — Medical Payments to Others

We will not pay for **bodily injury**:

1. To any of you or any person who regularly resides on your **premises**.

2. To a **residence employee** if **bodily injury** occurs off your **premises** and does not arise out of, or in the course of, the employment by any of you.

3. To any person eligible to receive any benefits required to be provided by you under any workers' compensation, non-occupational disability or occupational disease law.

4. Arising out of liability for your share of any loss for an assessment charged against all members of an association of tenants or property owners.

## Damage to Property of Others

We will not pay for **property damage**:

1. Otherwise insured in this policy.

2. Caused intentionally by any one of you who is 13 years old or older.

3. To property owned by any of you or a resident of your home.

4. Arising from:

   a. Any of your **business**; or

   b. Any act or omission in connection with a premises owned, rented or

15

controlled by any of you that is not described in this policy.

5. Arising out of the ownership, maintenance or use of:

   a. Aircraft;

   b. Any land motor vehicle;

   c. Recreational land motor vehicle;

   d. Watercraft; or

   e. Trailer.

This exclusion does not apply to:

   i. Golf carts while being used for golfing purposes; or

   ii. Equipment usual and incidental to the maintenance of your **premises**.

## Conditions

1. **Insurable Interest, Amounts of Insurance, and Limits of Liability.** Regardless of the number of people who have an interest in the insured property, we will not be liable in any one loss for more than the lesser of:

   a. The interest of a person insured; or

   b. The applicable Amount of Insurance.

The Limit of Liability for Coverage E — Personal Liability will not exceed the limit shown on the Declarations Page regardless of the number of people insured or claims made.

The insuring of more than one person by this policy does not increase our limits of liability.

2. **Concealment or Fraud.** The entire policy will be void if any of you:

   a. Intentionally conceal or misrepresent any material fact or circumstance;

   b. Engage in fraudulent conduct; or

   c. Make false statements;

whether before or after a loss or claim relating to this insurance.

3. **What to Do When You Have a Loss.** You or someone on your behalf must promptly report to the police any theft, robbery, or burglary loss after you discover the loss.

When you have a loss, you or someone on your behalf must notify us at once. The quickest way is to phone your insurance representative or us. Please give your name, policy number, how the loss happened, the extent of the damages or injuries, names of witnesses and all other pertinent facts. You must promptly send us any demand, notice, summons or other legal papers you receive.

If we need other information to investigate the loss, we will ask you for it. We may require this information in writing.

If you have a loss, you must protect your dwelling, other structures or personal property from any further loss. If you fail to do so, any further loss will not be insured by this policy.

We may require that you file with us a notarized statement of loss within 90 days after the loss. You may be required to show us the damaged property and submit to examination under oath. You will be required to cooperate with us in our effort to investigate the accident or loss, settle any claims against you and defend you. If you fail to cooperate, we have the right to deny you coverage in this policy.

You may not, except at your own cost, voluntarily make any payment, assume any obligation or incur any expenses. This provision does not apply for First Aid Expenses for oth-

16

ers or Emergency Repairs After Loss to your dwelling, other structures or personal property necessary to protect them from further loss.

We will offer to make settlement within 30 days after we receive an acceptable proof of loss from you and the amount of loss is determined as provided in this policy.

4. **Other Insurance.**

   a. SECTION I - Your Property Coverages

      If both this and other insurance apply to a loss, we will pay our share. Our share will be the proportionate amount that this insurance bears to the total amount of all applicable insurance.

   b. SECTION II - Your Liability Coverages

      This insurance is excess over other valid insurance except insurance written specifically to cover excess over the limits that apply in this policy.

   c. SECTION I - Your Property Coverages

      SECTION II - Your Liability Coverages

      If at the time of loss, there is other insurance in the name of a corporation or association of property owners covering the same property covered by this policy, this insurance will be excess over the amount recoverable under such other insurance.

5. **Our Right to Recover from Others.** After we have paid a claim, except for Medical Payments to Others, we have the right to recover the payment from anyone who may be held responsible for the loss. You will be required to sign any papers and do whatever else is necessary to transfer this right to us. Neither you nor anyone we insure in this policy has the right to do anything to prejudice our right.

6. **Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the **premises** is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

   Each party will:

   a. Pay its own appraiser; and

   b. Bear the other expenses of the appraisal and umpire equally.

7. **Legal Action Against Us.** No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.

8. **Mortgagee.** An insured loss will be payable to the mortgagees named on the Declarations Page, to the extent of their interest and in their order of precedence. All provisions of this policy apply to these mortgagees.

   We will protect the mortgagee's interest in an insured building or structure in the event of an increase in hazard,

17

intentional or criminal acts of any of you, neglect by any of you to take all reasonable steps to save and preserve property after an insured loss, a change in ownership, or foreclosure if the mortgagee has no knowledge of these conditions.

The mortgagee must:

a.  Furnish proof of loss within 60 days after notice of the loss if any of you fail to do so;

b.  Pay upon demand any premium due if any of you fail to do so;

c.  Notify us of any change of ownership or occupancy of any increase in hazard of which the mortgagee has knowledge;

d.  Give us the mortgagee's right of recovery against any party liable for loss; and

e.  After a loss, and at our option, permit us to satisfy the mortgage requirements and receive full transfer of the mortgage.

This condition will apply to any trustee named in this policy.

9.  **Changes in Your Policy.** If any provision of this policy is in conflict with any governmental requirements at the time your policy is written, it is automatically changed to conform to them.

If we broaden the coverages provided by this edition of the policy without additional premium charges during the Policy Period, we will give you the benefit of these broadened coverages.

The only other way this policy can be changed is if we change it in writing. Any changes will be made a part of this policy. Any changes in your premium will be made at that time.

10.  **Bankruptcy.** If you become bankrupt or insolvent, we will still insure you for the period of time your premium is paid.

11.  **Transfer of This Policy.** You may not transfer any interest in this policy without our written consent. If you die, we will insure other members of your family entitled to coverage at the time of your death and your legal representative, but only with respect to the property insured by this policy at the time of your death.

12.  **Abandoned Property.** We are not obliged to accept abandoned property.

13.  **No Benefit to Bailee.** This insurance will not benefit any person or organization who may be caring for or handling your property for a fee.

14.  **Inspections and Credit Reports.** We are permitted, but not obligated, to inspect your property and order a credit report. Our inspection does not warrant that the property is safe or healthful or in compliance with any law, rule or regulation.

15.  **Cancellation.** You may cancel this policy by returning it to us or by mailing to us a written notice telling us the advance date that cancellation is to become effective. If a mortgagee is named on the Declarations Page, we will mail written notice to the mortgagee ten days prior to cancellation of the mortgagee's interest in this policy.

We may cancel this policy for any reason during the first 60 days we insure you. After the first 60 days we may cancel it if:

a.  The risk has changed substantially since the policy was issued; or

18

b. If you or your representative:

(1) Conceal, omit or misrepresent any material facts or circumstances;

(2) Make a false or fraudulent claim; or

(3) Have not paid the premium.

We will mail a cancellation notice to you at least 30 days (10 days if you have not paid the premium) before this policy is cancelled. We will mail a cancellation notice to your last address known to us or your insurance representative. We will also give the same notice to your mortgagee.

Your mortgagee may cancel this policy if your dwelling has been foreclosed or your mortgagee has otherwise acquired ownership of it. Your mortgagee may then cancel this policy on behalf of all parties who have an interest insured by this policy and upon surrender of this policy.

If there is any refund of premium due you, we will refund it with your cancellation notice or as soon as possible after we mail the cancellation notice. If we or your mortgagee cancel this policy, we will calculate any return premium on a pro rata basis. If you cancel, we will calculate any return on a pro rata basis, subject to any Minimum Earned Premium shown on the Declarations Page.

16. **Renewal.** We will offer to renew this policy unless we mail to you, at least 45 days but not more than 60 days before the ending policy term date shown on the Declarations Page, written notice of our intention not to renew this policy.

This policy is signed at the Home Office by our President and Secretary. It is countersigned on the Declarations Page by our authorized representative(s) if required.

S. J. BOSHOVEN
President

MARTIN R. BROWN
Secretary

19

Form 35000 9/99

CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV17889341 | D1 FX | 33851326 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

WALLACE LYLES **PLAINTIFF**
VS
FOREMOST INSURANCE COMPANY GRAND
RAPIDS, MICHIGAN **DEFENDANT**

## SUMMONS

FOREMOST INSURANCE COMPANY GRAND
RAPIDS, MICHIGAN
5600 BEECH TREE LANE
CALEDONIA MI 49316

You have been named defendant in a sums
complaint (copy attached hereto) filed in Cuyahoga
County Court of Common Pleas, Cuyahoga County
Justice Center, Cleveland, Ohio 44113, by the
plaintiff named herein.

You are hereby summoned and required to answer
the complaint within 28 days after service of this
summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

Plantiff's Attorney

STUART I GARSON
1600 MIDLAND BUILDING

101 WEST PROSPECT AVENUE
CLEVELAND, OH 44115-0000

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

Case has been assigned to Judge:

PETER J CORRIGAN
Do not contact judge. Judge's name is given for
attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas

| DATE SENT |
|---|
| Nov 20, 2017 |

By_____
Deputy

COMPLAINT FILED    11/20/2017







November 28,2017

Dear Customer:

The following is the proof-of-delivery for tracking number **788535370364**.

## Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Shipping/Receiving |
| Signed for by: | E.ARDREY | Delivery location: | 6300 60TH ST SE |
| | | | CALEDONIA, MI 49316 |
| Service type: | FedEx Express Saver | Delivery date: | Nov 27, 2017 08:11 |
| Special Handling: | Deliver Weekday | | |
| | Direct Signature Required | | |



## Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 788535370364 | Ship date: | Nov 21, 2017 |
| | | Weight: | 0.5 lbs/0.2 kg |

Recipient:
FOREMOST INSURANCE COMPANY GRAND RA
5600 BEECH TREE LANE
CALEDONIA, MI 49316 US

Shipper:
CCoC
1200 Ontario
Cleveland, OH 44113 US

| | |
|---|---|
| Reference | CV17889341 |
| Invoice number | 33851326 |

Thank you for choosing FedEx.

CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV17889341 | D2 FX | 33851327 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

WALLACE LYLES **PLAINTIFF**
VS

FOREMOST INSURANCE COMPANY GRAND
RAPIDS, MICHIGAN **DEFENDANT**

# SUMMONS

FOREMOST PROPERTY & CASUALTY
INSURANCE COMPANY
C/O CSC-LAWYERS INCORPORATING
SERVICE
50 W BROAD STREET, SUITE 1800
COLUMBUS OH 43215-0000

You have been named defendant in a sums
complaint (copy attached hereto) filed in Cuyahoga
County Court of Common Pleas, Cuyahoga County
Justice Center, Cleveland, Ohio 44113, by the
plaintiff named herein.

**Said answer is required to be served on:**



You are hereby summoned and required to answer
the complaint within 28 days after service of this
summons upon you, exclusive of the day of service.

Plantiff's Attorney

STUART I GARSON
1600 MIDLAND BUILDING

101 WEST PROSPECT AVENUE
CLEVELAND, OH 44115-0000

**Said answer is required to be served on Plaintiff's
Attorney** (Address denoted by arrow at left.)

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

**Case has been assigned to Judge:**

PETER J CORRIGAN
**Do not contact judge. Judge's name is given for
attorney's reference only.**



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| DATE SENT |
|---|
| Nov 20, 2017 |

By _____
Deputy

COMPLAINT FILED 11/20/2017



November 28,2017

Dear Customer:

The following is the proof-of-delivery for tracking number **788535371268**.

## Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | D.DEANN | Delivery location: | 50 WEST BROAD STREET STE 1800 COLUMBUS, OH 43215 |
| Service type: | FedEx Express Saver | Delivery date: | Nov 27, 2017 11:01 |
| Special Handling: | Deliver Weekday | | |
| | Direct Signature Required | | |



## Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 788535371268 | Ship date: | Nov 21, 2017 |
| | | Weight: | 0.5 lbs/0.2 kg |

Recipient:
FOREMOST PROPERTY & CASUALTY INSURA
C/O CSC-LAWYERS INCORPORATING SERVI
50 W BROAD STREET, SUITE 1800
COLUMBUS, OH 43215 US

Shipper:
CCoC
1200 Ontario
Cleveland, OH 44113 US

| Reference | CV17889341 |
|---|---|
| Invoice number | 33851327 |

Thank you for choosing FedEx.

CV17889341 / 33851327 / FOREMOST PROPERTY & CASUALTY INSURANCE COMPANY / 2017-11-28 05:20



### NAILAH K. BYRD
### CUYAHOGA COUNTY CLERK OF COURTS
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

### NOTICE OF APPEARANCE
### December 18, 2017 15:20

By: DONALD S. SCHERZER 0022315

Confirmation Nbr. 1253540

WALLACE LYLES

      vs.

FOREMOST INSURANCE COMPANY GRAND
RAPIDS, MICHIGAN

CV 17 889341

**Judge:** PETER J. CORRIGAN

Pages Filed:  2

IN THE CUYAHOGA COUNTY COMMON PLEAS COURT
CIVIL DIVISION
CUYAHOGA COUNTY, OHIO

WALLACE LYLES,

              Plaintiff,

vs.

FOREMOST INSURANCE COMPANY
GRAND RAPIDS, MICHIGAN,

              Defendant.

CASE NO.   17 CV 889341

JUDGE PETER J. CORRIGAN

**NOTICE OF APPEARANCE**

    Donald S. Scherzer, Esq. and Richard S. Mitchell, of the law firm of Roetzel & Andress,

LPA, hereby enter their appearance as counsel of record for the Defendant, Foremost Insurance

Company Grand Rapids, Michigan.

Respectfully submitted,

Donald S. Scherzer (0022315)
Richard S. Mitchell (0007036)
Roetzel & Andress, LPA
1375 East Ninth Street
One Cleveland Center, 10th Floor
Cleveland, Ohio  44114
Telephone:  216-623-0150

*Attorneys for Defendant Foremost Insurance
Company Grand Rapids, Michigan*

## NOTICE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been

served upon the following parties via electronic service on this 18th day of December, 2017:

James A. DeRoche
Stuart I Garson
GARSON JOHNSON LLC
1600 Midland Building
101 West Prospect Avenue
Cleveland, Ohio  44115

*Attorneys for Plaintiff*

R. Eric Kennedy
Daniel P. Goetz
WEISMAN, KENNEDY & BERRIS
CO., L.P.A.
1600 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio  44115

*Attorneys for Plaintiff*

Patrick J. Perotti, Esq.
DWORKEN & BERNSTEIN CO, LPA
60 South Park Place
Painesville, Ohio  44077

*Attorney for Plaintiff*

Donald S. Scherzer
Attorney for Defendant Foremost Insurance
Company Grand Rapids, Michigan

2



### NAILAH K. BYRD
### CUYAHOGA COUNTY CLERK OF COURTS
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

### NOTICE OF APPEARANCE
December 18, 2017 15:20

By: DONALD S. SCHERZER 0022315

Confirmation Nbr. 1253540

WALLACE LYLES

    vs.

FOREMOST INSURANCE COMPANY GRAND
RAPIDS, MICHIGAN

CV 17 889341

**Judge:** PETER J. CORRIGAN

Pages Filed:  2

IN THE CUYAHOGA COUNTY COMMON PLEAS COURT
CIVIL DIVISION
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| WALLACE LYLES, | CASE NO.   17 CV 889341 |
| Plaintiff, | JUDGE PETER J. CORRIGAN |
| vs. | **NOTICE OF APPEARANCE** |
| FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN, | |
| Defendant. | |

Donald S. Scherzer, Esq. and Richard S. Mitchell, of the law firm of Roetzel & Andress, LPA, hereby enter their appearance as counsel of record for the Defendant, Foremost Insurance Company Grand Rapids, Michigan.

Respectfully submitted,

Donald S. Scherzer (0022315)
Richard S. Mitchell (0007036)
Roetzel & Andress, LPA
1375 East Ninth Street
One Cleveland Center, 10th Floor
Cleveland, Ohio  44114
Telephone:  216-623-0150

*Attorneys for Defendant Foremost Insurance*
*Company Grand Rapids, Michigan*

## NOTICE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been

served upon the following parties via electronic service on this 18th day of December, 2017:

James A. DeRoche
Stuart I Garson
GARSON JOHNSON LLC
1600 Midland Building
101 West Prospect Avenue
Cleveland, Ohio 44115

*Attorneys for Plaintiff*

R. Eric Kennedy
Daniel P. Goetz
WEISMAN, KENNEDY & BERRIS
CO., L.P.A.
1600 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115

*Attorneys for Plaintiff*

Patrick J. Perotti, Esq.
DWORKEN & BERNSTEIN CO, LPA
60 South Park Place
Painesville, Ohio 44077

*Attorney for Plaintiff*

Donald S. Scherzer
Attorney for Defendant Foremost Insurance
Company Grand Rapids, Michigan

2

Motion No. <u>4648070</u>



### NAILAH K. BYRD
### CUYAHOGA COUNTY CLERK OF COURTS
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**MOTION FOR EXTENSION OF TIME**
December 18, 2017 15:22

By: DONALD S. SCHERZER 0022315

Confirmation Nbr. 1253550

WALLACE LYLES                          CV 17 889341

        vs.

FOREMOST INSURANCE COMPANY GRAND      **Judge:** PETER J. CORRIGAN
RAPIDS, MICHIGAN

Pages Filed: 2

IN THE CUYAHOGA COUNTY COMMON PLEAS COURT
CIVIL DIVISION
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| WALLACE LYLES, | CASE NO. 17 CV 889341 |
| Plaintiff, | JUDGE PETER J. CORRIGAN |
| vs. | **UNOPPOSED MOTION FOR A** |
| | **THIRTY (30) DAY EXTENSION TO** |
| FOREMOST INSURANCE COMPANY | **MOVE OR PLEAD IN RESPONSE TO** |
| GRAND RAPIDS, MICHIGAN, | **COMPLAINT** |
| Defendant. | |

Defendant Foremost Insurance Company Grand Rapids, Michigan, by and through its

undersigned counsel hereby submits this Unopposed Motion for a Thirty (30) day Extension to

Move or Plead in Response to the Complaint (until January 24, 2018). Plaintiff's Counsel,

James A. DeRoche, has agreed to this request for an extension. The basis for this Motion is that

counsel has recently been retained and additional time is necessary to review this case. This

Motion is not sought for purposes of delay. All defenses are expressly reserved.

Respectfully submitted,

Donald S. Scherzer (0022315)
Richard S. Mitchell (0007036)
Roetzel & Andress, LPA
1375 East Ninth Street
One Cleveland Center, 10th Floor
Cleveland, Ohio 44114
Telephone: 216-623-0150

*Attorneys for Defendant Foremost Insurance*
*Company Grand Rapids, Michigan*

## NOTICE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been

served upon the following parties via electronic service on this 18th day of December, 2017:

James A. DeRoche
Stuart I Garson
GARSON JOHNSON LLC
1600 Midland Building
101 West Prospect Avenue
Cleveland, Ohio  44115

*Attorneys for Plaintiff*

R. Eric Kennedy
Daniel P. Goetz
WEISMAN, KENNEDY & BERRIS
CO., L.P.A.
1600 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio  44115

*Attorneys for Plaintiff*

Patrick J. Perotti, Esq.
DWORKEN & BERNSTEIN CO, LPA
60 South Park Place
Painesville, Ohio  44077

*Attorney for Plaintiff*

Donald S. Scherzer
Attorney for Defendant Foremost Insurance
Company Grand Rapids, Michigan

2



101841103

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

WALLACE LYLES
    Plaintiff

Case No: CV-17-889341

Judge: PETER J CORRIGAN

FOREMOST INSURANCE COMPANY GRAND
RAPIDS, MICHIGAN
    Defendant

## JOURNAL ENTRY

MOTION FOR A THIRTY (30) DAY EXTENSION TO MOVE OR PLEAD IN RESPONSE TO COMPLAINT UNTIL 1/24/18, FILED 12/18/2017, IS GRANTED.

_____

Judge Signature           12/20/2017

12/20/2017